[No. 2698.]

H. BRINKOETER *v.* THE STATE.

1. OBSTRUCTING PUBLIC ROAD—PRESUMPTION OF INNOCENCE—CHARGE OF THE COURT—INTENT is a constituent element of the offense of obstructing a public road, and it must appear that the obstruction was wilful on the part of the accused. Hence a charge of the court that "the wilful intent of the defendant is presumed, and it devolves upon him to show his innocent intent," is erroneous, inasmuch as it conflicts directly with Article 11 of the Penal Code, which provides that "every person accused of an offe se shall be presumed to be innocent until his guilt is established to the satisfaction of those whose province it is to try him."'

2. SAME—CHARGE OF THE COURT.—The court below charged the jury: "If you believe from the evidence that the defendant is not guilty, you will acquit him." *Held*, erroneous, because, overriding the presumption of innocence, it reversed the rule of law and required the jury to reach the conclusion of innocence before they could acquit.

APPEAL from the County Court of Guadalupe. Tried below before the Hon. W. P. H. Douglass, County Judge.

The appellant was convicted of obstructing a public road in Guadalupe county, known as the Prairie Lea and New Braunfels road. The penalty assessed against him was a fine of ten dollars. His motion for new trial was overruled, and he gave notice of appeal.

The counsel for the State read in evidence the report of the jury of review, and the order of the Commissioners' Court thereon, establishing as a first-class road the road alleged to have been obstructed by the accused. Also a petition bearing date April 4, 1881, and signed by the accused and others, praying the Commissioners' Court to change that part of the road which the accused is charged with having obstructed.

Several witnesses for the prosecution testified that the road known as the Prairie Lea and New Braunfels road ran through subdivision number one hundred and fifty-four of an eleven league grant in Guadalupe county, owned by the accused, and that in March or April, 1882, the accused obstructed that part of the said road by building a fence across it. As these witnesses understood the boundary line between Comal and Guadalupe counties to run, this obstruction was in Guadalupe county. The

State admitted that the Commissioners' Court of Comal county had authority to change that part of the road lying in Comal county, and had changed it, and that the road was not obstructed in Comal county within four hundred yards of the county line.

Frederick Bading testified, for the defense, that he was present when the lines of subdivision 154 were run, but he could not say whether the fence recently erected by the defendant intersected the road traversing that section in Guadalupe or Comal counties. He knew, however, that the defendant, in fencing that section or subdivision, left about ten acres unenclosed for the accommodation of people traveling into Comal county by way of the Prairie Lea and New Braunfels road.

The motion for new trial arraigned the charge of the court as erroneous, and denounced the action of the court in excluding as evidence the transcript of the Commissioners' Court of Comal county.

*W. R. Neal*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

Willson, Judge. Appellant was convicted of wilfully obstructing a public road. Among other charges given to the jury by the court was the following: "The wilful intent of the defendant is presumed, and it devolves upon the defendant to show his innocent intent." We presume the judge who gave this charge was of the opinion that it was warranted by Articles 50 and 51 of the Penal Code. We think it was not authorized by the law, and was not applicable to the facts of this case.

A most vital issue raised by the evidence in this case was the *intent* of the defendant in placing his fence across the road, that is, whether the act was wilfully done, or done through mistake of fact. In order to legally convict the defendant, it was necessary for the prosecution to show by its evidence that he obstructed the road *wilfully*. Until this proof was made there was no case made out against the defendant which called for any testimony on his part in excuse or justification. This was not a case wherein the burden of proof devolved upon the defendant, as charged by the court. This charge of the court was in direct conflict with Article 11 of the Penal Code, which declares that "Every person accused of an offense shall be presumed to be

innocent until his guilt is established to the satisfaction of those whose province it is to try him." By this charge the presumption of innocence was destroyed, and the jury were directed to presume the defendant guilty. (*Jones* v. *The State,* 13 Texas Ct. App., 1.) There was nothing in the remainder of the charges given to the jury which corrected this manifest error.

Another portion of the charge was also erroneous. It was as follows: "If you believe from the evidence that the defendant is not guilty you will acquit him." It is declared by law that "The defendant in a criminal case is presumed to be innocent until his guilt is established by legal evidence; and in case of reasonable doubt as to his guilt, he is entitled to be acquitted." (Code Crim. Proc., Art. 640.) By this charge the jury were in effect told that they must find the defendant guilty unless they believed from the evidence that he was innocent. Such a proposition is contrary to the express provision of the law. (*McMillan* v. *The State,* 7 Texas Ct. App., 142.)

For the errors in the charge of the court above noticed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered April 21, 1883.